UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN K. YOUNG, <br>     Plaintiff, <br>     v. <br> W. L. MONTGOMERY, <br>     Defendant. | Case No. 15-cv-04780-SI <br><br> **ORDER** <br> Re: Dkt. No. 16 |

Brian Young filed this *pro se* action seeking a writ of habeas corpus under 28 U.S.C. § 2254. The court issued an order to show cause why relief should not be granted on the five claims for relief in the petition. Respondent filed an answer on July 21, 2016. Petitioner thereafter sought and obtained two extensions of the deadline to file his traverse; the current deadline for the traverse is November 18, 2016.

Young has filed a request "to withdraw the petition of habeas corpus" because he is "filing a first amended petition to answer the attorney general answer to order to show cause." Docket No. 16 at 1 (errors in source). Many of the other statements in the request do not make sense, leaving the court uncertain as to what Young actually wants. The court therefore will address the three most likely possibilities, i.e., Young wants an extension of the traverse deadline, wants to amend, or wants to dismiss the action.

First, the deadline for Young to file his traverse is currently set for **November 18, 2016**, and will not be further extended. This deadline allows ample time for a diligent petitioner to prepare a traverse.

Second, if Young wants to file an amended petition, he must file a motion to amend, and attach to that motion a copy of his amended petition asserting all his claims. Young should act

1  diligently to file such an amended petition because this action will be deemed submitted and ready
2  for decision when the traverse deadline arrives.

3  Third, if Young wants to dismiss the petition, he must file a document that *clearly* requests a voluntary dismissal of his petition for writ of habeas corpus.  (For example, he could file a one-page signed notice that states: "I request that my petition for writ of habeas corpus be dismissed.")  In deciding whether to request a voluntary dismissal, Young should bear in mind that there is a one-year statute of limitations for federal habeas actions, 28 U.S.C. § 2244(d), that might make a later-filed petition for writ of habeas corpus untimely.  The court is not saying that the statute of limitations will bar a later action, but only that the possibility is something a petitioner should take into account before voluntarily dismissing his current petition.

For the foregoing reasons, the request to withdraw is DENIED.  (Docket No. 16.)

**IT IS SO ORDERED**.

Dated:  September 30, 2016

_____
SUSAN ILLSTON
United States District Judge